UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

HOWARD COHAN,

     Plaintiff,

vs.                                                                    INJUNCTIVE RELIEF SOUGHT

BAYSHORE VILLAS, LLC, a Florida
Limited Liability Company; TRANQUILO
HOTEL, LLC, a Florida Limited Liability
Company; ROYAL PALMS RESORT AND
SPA, LLC, a Florida Limited Liability
Company; BEACH GARDEN HOTEL LLC,
a Florida Limited Liability Company;
TROPIROCK, LLC, a Florida Limited
Liability Company; WINTERSET HOTEL,
LLC, a Florida Limited Liability Company;
THE VICTORIA PARK HOTEL, LLC, a
Florida Limited Liability Company; THE
AQUA HOTEL, LLC, a Florida Limited
Liability Company; LUSH ROYALE
HOTEL, LLC, a Florida Limited Liability
Company; THE GRAND PALM PLAZA,
LLC, a Florida Limited Liability Company;
THE GRAND REEF LLC, a Florida Limited
Liability Company; NORTH BEACH
HOTEL, LLC, a Florida Limited Liability
Company; LA CASA HOTEL, LLC, a Florida
Limited Liability Company; and THE
BEACH HOUSE VILLAS, LLC, a Florida
Limited Liability Company

     Defendant(s).

_____/

## **COMPLAINT**

    Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel,

hereby files this Complaint and sues BAYSHORE VILLAS, LLC, a Florida Limited Liability

Company; TRANQUILO HOTEL, LLC, a Florida Limited Liability Company; ROYAL PALMS

RESORT AND SPA, LLC, a Florida Limited Liability Company; BEACH GARDEN HOTEL

LLC, a Florida Limited Liability Company; TROPIROCK, LLC, a Florida Limited Liability

Company; WINTERSET HOTEL, LLC, a Florida Limited Liability Company; THE VICTORIA

PARK HOTEL, LLC, a Florida Limited Liability Company; THE AQUA HOTEL, LLC, a Florida

Limited Liability Company; LUSH ROYALE HOTEL, LLC, a Florida Limited Liability

Company; GRAND PALM PLAZA, LLC, a Florida Limited Liability Company; THE GRAND

REEF LLC, a Florida Limited Liability Company; NORTH BEACH HOTEL, LLC a Florida

Limited Liability Company; LA CASA HOTEL, LLC, a Florida Limited Liability Company; and

THE BEACH HOUSE VILLAS, LLC, a Florida Limited Liability Company (hereinafter referred

to as "Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and costs

(including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq.,

and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a complaint for breach of contract and injunctive relief seeking enforcement

of the Confidential Settlement Agreement and Release (copy attached as Exhibit A) reached after

the following actions had previously been brought against Defendants:

- *Howard Cohan v. Bayshore Villas, LLC, d/b/a Tara Hotel,* Case No. 14-61482,

- *Howard Cohan v. Cocobelle Resort Club, LLC, d/b/a Cocobelle Resort,* Case No. 14-61483,

- *Howard Cohan v. The Ocean Gate Hotel LLC and Sunny Palms, LLC, d/b/a Ocean Gate Hotel,* Case No. 14-61484,

- *Howard Cohan v. Sunny Palms Hotel, LLC, d/b/a Tranquilo Hotel,* Case No. 14-61485, and

- *Howard Cohan v. Hotel Blue Lagoon, LLC, d/b/a the Blue Lagoon, et. al,* Case No. 14-62167.

These actions (hereinafter collectively referred to as  "Prior Actions" or "Cohan v. North Beach Village Hotel Collection") arose out of Plaintiff's claims of discrimination caused by certain barriers encountered by Plaintiff on Defendants' properties that prevented Plaintiff from the full and equal enjoyment of places of public accommodation in violation of Title III of the Americans with Disabilities Act.

2.      This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendants' violations of Title III of the ADA.  *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

3.      Venue is proper in this Court, FORT LAUDERDALE Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court for the Southern District of Florida in that all events giving rise to the lawsuit occurred in Broward County, Florida.

## PARTIES

4.      Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5.      Upon information and belief, Defendants are the lessees, operators, owners and lessors of the Real Properties, which are subject to this suit, and are located at 524 Bayshore Dr, Fort Lauderdale, FL 33304; 538 Bayshore Drive, Fort Lauderdale, FL 33304; 2831 Vistamar

Street, Fort Lauderdale, FL 33304; 2901 Vistamar Street, Fort Lauderdale, FL 33304; 2909 Vistamar Street, Fort Lauderdale, FL 33304; 725 N Birch Rd, Fort Lauderdale, FL 33304; 717 Breakers Ave, Fort Lauderdale, FL 33304; 533 Orton Ave, Fort Lauderdale, FL 33304; 3016 Windamar Street, Fort Lauderdale, FL 33304; 519 N Birch Rd, Fort Lauderdale, FL 33304; 505 Orton Ave, Fort Lauderdale, FL 33304; 2900 Belmar Street, Fort Lauderdale, FL 33304; 551 Breakers Ave, Fort Lauderdale, FL 33304; 855 NE 20th Ave, Fort Lauderdale, FL 33304; 2801 Terramar Street, Fort Lauderdale, FL 33304; 2901 Terramar Street, Fort Lauderdale, FL 33304; 2801 Riomar Street, Fort Lauderdale, FL 33304; 2901 Riomar Street, Fort Lauderdale, FL 33304; and 2727 Terramar Street, Fort Lauderdale, FL 33304 (collectively "Premises"), and are the owners of the improvements where Premises are located.

6.     Defendants are authorized to conduct, and are in fact conducting, business within the State of Florida.

7.     Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

8.     In relation to the allegations contained in Plaintiff's Prior Actions and those released in the Confidential Settlement Agreement and Release, Plaintiff previously visited Defendant's Premises and required safe and unobstructed access to the pool and pool area. Plaintiff

personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

9.     Defendants' Premises are places of public accommodation as defined by Title III of the ADA and as such are governed by the ADA.

10.     In Plaintiff's Prior Actions, Plaintiff sought to force Defendants to comply with the ADA and applicable regulations thereto. Each of Plaintiff's Prior Actions were dismissed upon stipulation and notice to the U.S. District Court that the parties had settled.

11.     In connection with said dismissals, Plaintiff and Defendants entered into a Confidential Settlement Agreement and Release (Exhibit A) on or about February 20, 2015

12.     The Confidential Settlement Agreement and Release required Defendants to install two pool lifts every six (6) months from the date of the execution of the Agreement, requiring twenty-two (22) pool lifts to be installed by August 20 of 2020.

13.     Pursuant to the Settlement Agreement, Plaintiff was required to provide Defendants written notice of any modifications that were not completed as required. Upon receipt of such written notice, the Parties were required to engage in good faith discussions regarding Plaintiff's claims as set forth in the Notice. Within said 20-day period, the Parties were required to either (i) agree on an extension of time for Defendant(s) to complete any necessary or required modification as set forth in the Notice or otherwise, such an extension not to be for less than thirty (30) days from the date of Defendants' counsel's receipt of the Notice, (ii) agree that no additional modification is necessary or required, or (iii) disagree on matters set forth in the Notice. If the Parties were to disagree on matters set forth in the Notice, within the twenty (20) days set forth

above, the Parties were to settle the dispute by seeking appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

14.     Thereafter, Plaintiff personally visited Defendants' Premises on April 30, 2019 and May 14, 2019.

15.     Plaintiff required safe and unobstructed access to the pool and pool area; fully accessible paths of travel throughout the facilities; fully accessible parking; and fully accessible service and eating areas. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though was "bona fide patron".

16.     On December 18, 2019, Plaintiff provided Defendants with written Notice of Non-Compliance of Settlement Agreement, indicating that Plaintiff encountered barriers at Defendants' Premises and that the modifications agreed to by the parties in the Settlement Agreement were not completed as required.

17.     Notwithstanding Plaintiff's notice to Defendants, Defendants failed to engage in good faith discussions regarding Plaintiff's claims as set forth in the Notice.

18.     Thereafter, Plaintiff again personally visited Defendants' Premises on October 22, 2020.

19.     Defendants have failed to complete the required modification(s) to the Premises as required by the ADA, the Confidential Settlement Agreement and Release, and the written notice provided to Defendants, and Defendants have failed to give notice of any reasons or documentation for non-compliance. Specifically, Defendants have only installed three (3) pool lifts since the date of entering into the Confidential Settlement Agreement and Release.

20.     Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities.

21.     Plaintiff is continuously aware of the violations at Defendants' Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

22.     Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA.

23.     Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendants' discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

24.     Completely independent of the personal desire to have access to these places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodations; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied

community are able to do.  Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and Defendants' maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.  It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

25.     Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

26.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 24 above as if fully stated herein.

27.     On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

28.     Congress found, among other things, that:

a.  some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b.  historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c.  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d.  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

29.  Congress explicitly stated that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b.   provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c.   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

30.     Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendants' Premises are places of public accommodation covered by the ADA by the fact they provide services to the general public and must be in compliance therewith.

31.     Defendants have discriminated and continue to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

33.     Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

34.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the

requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

      35.    Based on a preliminary inspection of the Premises, Defendants are in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and are discriminating against Plaintiff as a result of, inter alia, the following specific violations:

**524 Bayshore Dr, Fort Lauderdale, FL 33304**

    a.    Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    b.    Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

    c.    Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

    d.    Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

    e.    Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or § 4.8.5 of the 1991 ADA Standards 4.3.8.

**538 Bayshore Drive, Fort Lauderdale, FL 33304**

a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

c.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

d.   Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

e.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or § 4.8.5 of the 1991 ADA Standards 4.3.8.

**2831 Vistamar Street, Fort Lauderdale, FL 33304**

a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

c.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

d.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

e.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**2901 Vistamar Street, Fort Lauderdale, FL 33304**

a.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

b.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

c.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

**2909 Vistamar Street, Fort Lauderdale FL 33304**

a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

**725 N Birch Rd, Fort Lauderdale, FL 33304**

a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

c.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

d.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

e.  Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303 and 403.4.

f.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**717 Breakers Ave, Fort Lauderdale, FL 33304**

a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

c.  Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.

d.  Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

e. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

f. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

g. Failure to provide bilateral handrails on a ramp that has a rise greater than 6 inches or in a horizontal projection greater than 72 inches in violation of 2010 ADAAG §§ 405, 405.1, 405.8, 505 and/or §4.8.5 of the 1991 ADA Standards.

h. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303 and 403.4.

i. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**533 Orton Ave, Fort Lauderdale, FL 33304**

a. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b. Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

c. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**3016 Windamar Street, Fort Lauderdale, FL 33304**

    a. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    b. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    c. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

    d. Failure to provide disabled parking that allows a person(s) with a disability to access the shortest available route to a pedestrian entrance of the facility in violation of ADAAG §§ 208.3 and 208.3.1.

    e. Failure to provide sufficient disabled parking spaces based on the total parking spaces available in violation of 2010 ADAAG §§ 208, 208.1 and 208.2.

    f. Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

    g. Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

**519 N Birch Rd, Fort Lauderdale, FL 33304**

    a. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

      b.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

      c.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

      d.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

      e.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**505 Orton Ave, Fort Lauderdale, FL 33304**

      a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

      b.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

      c.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

      d.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

      e.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**2900 Belmar Street Fort Lauderdale, FL 33304**

    a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    b.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    c.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

    d.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

    e.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

    f.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

    g.  Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**551 Breakers Ave, Fort Lauderdale, FL 33304**

    a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

c. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

d. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

e. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303 and 403.4.

f. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**855 NE 20th Ave, Fort Lauderdale, FL 33304**

a. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

b. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

**2801 Terramar Street, Fort Lauderdale, FL 33304**

    a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    b.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    c.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    d.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

    e.  Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

    f.  Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

    g.  Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

**2901 Terramar Street, Fort Lauderdale, FL 33304**

    a.  Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

  b. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

  c. Failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §§ 208 and 208.1.

  d. Failure to provide van disabled parking spaces as required in violation of 2010 ADAAG §§ 208, 208.1, and 208.2.4.

  e. Failure to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

**2901 Riomar Street, Fort Lauderdale, FL 33304**

  a. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

  b. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**2727 Terramar Street, Fort Lauderdale, FL 33304**

  a. Failure to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§ 242, 242.1, 242.2 and 1009.

  b. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§ 206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

36.     To the best of Plaintiff's belief and knowledge, Defendants have failed to eliminate the specific violations set forth in paragraph 34 herein.

37.     Although Defendants are charged with having knowledge of the violations, Defendants may not have actual knowledge of said violations until this Complaint makes Defendants aware of same.

38.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

39.     As the owners, lessors, lessees or operators of the Premises, Defendants are required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owners, lessors, lessees or operators have been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

40.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owners, lessors, lessees or operators of the Premises were under an obligation to design and construct such Premises such that they are readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

41.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C. § 12205.

42.     All of the above violations are readily achievable to modify in order to bring Premises or the Facilities/Properties into compliance with the ADA.

43.     In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 34 herein can be applied to the 1991 ADAAG standards.

44.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Subject Facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facilities until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1.  That this Court declares that Premises owned, operated and/or controlled by Defendants are in violation of the ADA;

2.  That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3.  That this Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to Premises;

4.  That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5.  That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

44.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 24 above as if fully stated herein.

45.     On or about February 20, 2015, Plaintiff and Defendants entered into a Confidential Settlement Agreement and Release. (Exhibit A). Through this settlement agreement, Defendants agreed to make modifications to Defendants' Premises as outlined in the agreement. The Confidential Settlement Agreement and Release required Defendants to install all pool lifts on the Premises by August 20, 2020

46.     Plaintiff has performed all conditions precedent to be performed by him under the Agreement, including providing Defendants with written notice of non-compliance with the Confidential Settlement Agreement and Release on December 18, 2019

47.     As of October of 2020, Defendants have failed to complete the modifications promised in the settlement agreement. Specifically, Defendants have failed to "Ensure that a swimming pool lift is installed in the public pool area of the Properties in compliance with Sections 242.2 (including Exception1), and 1009.2 of the 2010 ADA Standards in a manner that is "readily achievable" and not "technically infeasible" (as each term is defined in the Title III ADA regulations) given the existing configuration of the pool deck area" at the following Premises:

- **524 Bayshore Dr, Fort Lauderdale, FL 33304**

- **538 Bayshore Drive, Fort Lauderdale, FL 33304**

- **2831 Vistamar Street, Fort Lauderdale, FL 33304**

- **2909 Vistamar Street, Fort Lauderdale, FL 33304** (One lift exists, one more is needed)

- **725 N Birch Rd, Fort Lauderdale, FL 33304**

- **717 Breakers Ave, Fort Lauderdale, FL 33304** (One lift exists, two more are needed)

- **533 Orton Ave, Fort Lauderdale, FL 33304**

- **3016 Windamar Street, Fort Lauderdale, FL 33304** (Two pools in need of lifts)

- **519 N Birch Rd Fort Lauderdale, Fl 33304**

- **505 Orton Ave, Fort Lauderdale, FL 33304**

- **2900 Belmar Street, Fort Lauderdale, FL 33304** (Two pools in need of lifts)

- **551 Breakers Ave, Fort Lauderdale, FL 33304** (Four pools in need of lifts)

- **855 NE 20th Ave, Fort Lauderdale, FL 33304** (Pool and Spa both require lifts)

- **2801 Terramar Street, Fort Lauderdale, FL 33304** (3 pools and one spa requires a lift)

- **2901 Terramar Street, Fort Lauderdale, FL 33304** (One pool and one spa require lifts)

- **2727 Terramar Street Fort Lauderdale FL 33304**

48.     Plaintiff has been damaged by the Defendants' breaches of the settlement agreement. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1. That this Court declares that Defendants have failed to comply with the Confidential Settlement Agreement and Release;

2. That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Confidential Settlement Agreement and Release; and,

4.  That this Court award such other and further relief as it may deem necessary, just

   and proper.

Dated March 9, 2021.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com